UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES VALENTINO FRAZIER, | ) |
| Petitioner, | ) |
| v. | ) Case No. 16-cv-1485 |
| STEVE KALLIS, | ) |
| Respondent. | ) |

**ORDER AND OPINION**

Now before the Court is Petitioner James Valentino Frazier's (hereinafter "Petitioner" or "Frazier") Petition for Writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1).[1] Also before the Court are Petitioner's numerous Motions to Supplement/Amend his Petition. (Docs. 10, 27, 28, and 29). For the reasons set forth below, the Petition (Doc. 1) is DENIED. Petitioner's Motions to Supplement/Amend his Petition (Docs. 10, 27, 28, and 29) are DENIED as futile.

### I. BACKGROUND[2]

On August 6, 2007, Frazier was convicted after a jury trial of distributing and possessing with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the Western District of Wisconsin. The statute carries a mandatory minimum sentence of 10 years and a maximum of life. Because Frazier was over the age of 18 when he committed this offense, and it is a "controlled substance

---

[1] Citations to documents filed in this case are styled as "Doc. __."
[2] As dictated by the analogous federal habeas corpus rules for proceedings under 28 U.S.C. § 2254 and § 2255, the facts recounted here are taken from Respondent's Response to the Petition, (Doc. 11), unless otherwise noted. *See* 28 U.S.C. § 2248.

offense" within the meaning of United States Sentencing Guideline (U.S.S.G.) § 4B1.1(a), he was subject to the career offender sentencing enhancement if he had "at least two prior felony convictions of either a crime of violence or a controlled substances offense." *See* U.S.S.G. § 4B1.1(a). After his conviction, the probation officer prepared a presentence report, which concluded that Frazier qualified as a career offender under U.S.S.G. § 4B1.1 due to three prior controlled substance offenses: (1) manufacture/delivery of 1-15 grams of cocaine in Cook County, Illinois, Case No. 99CR0612101; (2) possession with intent to distribute tetrahydrocannabinols (THC, the active ingredient in marijuana) in Rock County, Wisconsin, Case No. 02 CF 1518; and (3) manufacture/delivery of less than 200 grams of THC in Rock County, Wisconsin, Case No. 04 CF 073.

Due to the career offender enhancement, Frazier's advisory guidelines range was 360 months to life. Without the career offender enhancement, his advisory guideline range would have been 168 to 210 months. The district court adopted the presentence report and sentenced Frazier to concurrent terms of 360 months for each conviction. Frazier appealed, and the Seventh Circuit affirmed the judgment. *United States v. Coleman*, 349 F. App'x 109, 110 (7th Cir. 2009). The trial court denied his first motion under 28 U.S.C. § 2255 on February 10, 2011. He did not challenge his career offender enhancement in either of these proceedings.

On December 19, 2016, Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He is challenging his career offender enhancement, relying in part on the Supreme Court's decision in *Mathis v. United States,* 136 S. Ct. 2243 (2016), and the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (2016). The Government has filed its response and Petitioner filed a reply. This Order follows.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (*citing Brown*, 696 F.3d at 640).

The "second condition has two components: retroactivity and prior unavailability of the challenge." *Montana,* 829 F.3d at 784. And this "second prong" of the "second condition" "is satisfied if '[i]t would have been futile' to raise a claim in the petitioner's original 'section 2255

motion, as the law was squarely against him.'" *Id.* (*citing Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)). *But see, Light v. Caraway,* 761 F.3d 809, 813 (7th Cir. 2014) (noting that the court has described the standard in two different ways, either that the petitioner must show he is relying on a retroactive decision that could not have been invoked in his first § 2255 motion, or that petitioner must show his claim was foreclosed by binding precedent when he filed his first § 2255 motion; avoiding clarification of the standard because the petitioner in the case met the more demanding standard).

### III. DISCUSSSION

Petitioner argues that the district court errored by sentencing him as a career offender under the advisory sentencing guidelines. However, claimed calculation errors in the advisory sentencing guidelines are not cognizable on post-conviction relief under *Hawkins v. United States,* 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*), and *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins II*), because they do not represent a miscarriage of justice. Further, the Court finds that the district court did not make any error when it designated Frazier a career offender under the guidelines.

**A. An Erroneous Interpretation of an Advisory Guideline is Not Reversible in Post-Conviction Relief.**

Given the interest in finality, in *Hawkins I* the Seventh Circuit held that an erroneous interpretation of the advisory guidelines is not reversible in post-conviction proceedings so long as the sentence imposed was not greater than the statutory maximum. *Hawkins I,* 706 F.3d at 823-25; *see also United States v. Coleman*, 763 F.3d 706, 708-10 (7th Cir. 2014) ("[I]n the context of postconviction proceedings, a sentence well below the ceiling imposed by Congress . . . does not constitute a miscarriage of justice."). In *Hawkins I,* the petitioner qualified as a career offender based on two prior felony convictions for walkaway escape. *Id.* at 821. Three

4

years after Hawkins was resentenced under the advisory sentencing guidelines, the Supreme Court held that an "escape" that takes the form of a failure to report did not constitute a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Chambers v. United States,* 555 U.S. 122, 127-30, 129 S.Ct. 687 (2009). Given, *Chambers,* a walkaway escape is also not a violent felony under the Armed Career Criminal Act or under the similarly worded career offender guidelines. *Hawkins I,* 706 F.3d at 822 (citing cases). Hawkins filed a § 2255 motion challenging his sentence on this basis, but the district court denied the motion and the Seventh Circuit affirmed. *Id.* The Seventh Circuit reasoned that, after *United States v. Booker,* 543 U.S. 220 (2005), the Guidelines are not binding on the district court and "the judge may not even presume that a sentence within the applicable guidelines range would be proper." *Id.* Rather, the judge must independently determine the appropriate sentence pursuant to 18 U.S.C. § 3553. *Id.* at 823. The court found that while the advisory guidelines remain influential, given the interest in finality, an error in the interpretation of an advisory guideline "is not a proper basis for voiding punishment lawful when imposed." *Id.*

Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the advisory Guidelines were subject to constitutional challenges under the *ex post facto* clause "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082. The Seventh Circuit denied rehearing finding that *Peugh* did not alter their analysis since *Peugh* involved constitutional error (a violation of the ex post facto clause), *Peugh* was a case on direct appeal which has a lower legal standard than post-conviction relief, and *Peugh's* retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916-18 ("[I]t doesn't follow that post-conviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did

5

impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.").

Here, the sentencing court sentenced Frazier under the advisory guidelines to a sentence well below the statutory maximum of life. The purported error in designating Frazier a career offender is simply not cognizable on a § 2241 Petition. His Petition is therefore denied.

**B. The District Court Did Not Error in Sentencing Petitioner as a Career Offender.**

The Court also notes the sentencing judge did not make any errors in finding him a career offender. Frazier claims his two convictions under Wisconsin law—Possession of THC with intent to manufacture, distribute, or deliver pursuant to Wis. Stat. Ann. § 961.41(1m)(h)(1), Rock County, Wisconsin, Case No. 02 CF 1518, and Manufacture, distribution or delivery of THC pursuant to Wisc. Stat. Ann. § 961.41(1)(h)(1), Rock County, Wisconsin, Case No. 04 CF 073—are broader than the definition of controlled substance offense under USSG § 4B1.2(b). Petitioner relies on *Mathis v. United States,* 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).[3]

In *Mathis,* the Supreme Court examined the enumerated clause and held that Iowa's burglary statute did not qualify as a predicate violent felony under the ACCA because it was broader than the generic offense of burglary in § 924(e)(2)(B)(ii). 136 S. Ct. at 2251. "To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* at 2248. Courts have also been authorized to use "the 'modified

---

[3] Petitioner mistakenly refers to *Hinkle* as a Supreme Court case in his Petition, but this case was decided by the Fifth Circuit and a grant of certiorari by the Supreme Court was not sought. The Court also notes that both of these opinions dealt with cases on *direct* appeal and are, therefore, distinguishable from Petitioner's case on this basis as well.

categorical approach' . . . with statutes having multiple alternative elements" and "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249. *Mathis* concerned statutes that do not "list multiple elements disjunctively, but instead [ ] enumerate[] various factual means of committing a single element." *Id.* at 2249. The Iowa burglary statute covered a broader range of places ("any building, structure, or land, water, or air vehicle") than generic burglary. *See* Iowa Code § 702.12 (2013). *Mathis* held that "those listed locations are not alternative elements, going toward the creation of separate crimes. To the contrary, they lay out alternative ways of satisfying a single locational element . . . ." *136 S. Ct.* at 2250. Since they are different means, and not different elements, *Mathis* held that courts cannot apply the modified categorical approach. *Id.*

Relying on *Mathis,* the Fifth Circuit in *Hinkle* found that the elements of the Texas crime of delivery of a controlled substance did not match the definition of controlled substance offense in U.S.S.G. § 4B1.2(b). *Hinkle,* 832 F.3d at 576. The Texas law included alternative means of satisfying the element of "delivery," which included an "offer to sell." *Id.* at 573. A controlled substance offense for the purposes of designating a defendant a career offender under the advisory sentencing guidelines is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The *Hinkle* court found that an "offer to sell" was not encompassed in the guideline definition, and, therefore, Hinkle's conviction was improperly

7

used as a predicate offense. *Hinkle,* 832 F.3d at 576. *See also United States v. Madkins*, 866 F.3d 1136, 1145 (10th Cir. 2017) (same conclusion about Kansas law).

Petitioner does not explain his argument explicitly, but to the extent he was seeking to draw parallels to the *Hinkle* case, Seventh Circuit caselaw forecloses such a result. The Wisconsin statute at issue in Petitioner's two predicate offenses defines "delivery" as "the actual, constructive or attempted transfer from one person to another of a controlled substance or controlled substance analog, whether or not there is any agency relationship." Wis. Stat. Ann. § 961.01(6). The Seventh Circuit in *United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1343, 200 L. Ed. 2d 526 (2018), addressed an Illinois statute that contained a nearly identical definition of delivery and found it easily distinguishable from *Hinkle*. The court found the language "actual, constructive or attempted transfer" comes within the purview of "§ 4B1.2(b) because 'transfer' is just another word for distribute or dispense." *Id.* Therefore, even were Petitioner's case being analyzed on direct appeal, and not in a post-conviction proceeding, his argument will still fail because his offenses still qualify as predicate controlled substance offenses under the guidelines.

Petitioner also appears to argue that he should have been convicted or charged with a different crime—"simple possession of marijuana"—in his two Wisconsin predicate offenses. Pet. at pp. 2 (Doc. 1); Reply at pp. 1-2 (Doc. 15). Even if this were true, Petitioner could not have collaterally attacked his predicate conviction in his original case, much less in a petition under § 2241. *See United States v. Jimenes*, 852 F.3d 631, 633 (7th Cir. Mar. 23, 2017) (citing *Custis v. United States*, 511 U.S. 485 (1994)). Further, this is a claim that could have been raised earlier and, therefore, is not properly brought on a § 2241 Petition. *Montana,* 829 F.3d at 784.

He also argues in that his two convictions in Wisconsin should have counted as one predicate offense. Amended Pet. at pp. 2 (Doc. 10). However, even if this were true, he still has another unchallenged prior offense from Cook County, Illinois.

Finally, Petitioner states that the statutes under which he was convicted did not carry a term of one year imprisonment and that they were for simple possession. Pet. at pp. 4 (Doc. 1). While this may be true of the statute under which Petitioner believes he should have been convicted, this is plainly not true of the statutes under which he was convicted. *See* Wis. Stat. Ann. § 961.41(1m)(h)(1) ("If a person violates this subsection with respect to tetrahydrocannabinols, included under s. 961.14(4)(t), or a controlled substance analog of tetrahydrocannabinols, and the amount possessed, with intent to manufacture, distribute, or deliver, is: . . . Two hundred grams or less, or 4 or fewer plants containing tetrahydrocannabinols, the person is guilty of a Class I felony.); Wisc. Stat. Ann. § 961.41(1)(h)(1) ("If the person violates this subsection with respect to tetrahydrocannabinols, included under § 961.14(4)(t), or a controlled substance analog of tetrahydrocannabinols, and the amount manufactured, distributed or delivered is: . . .Two hundred grams or less, or 4 or fewer plants containing tetrahydrocannabinols, the person is guilty of a Class I felony."); Wis. Stat. Ann. § 939.50(I)(The punishment for a Class I felony is "a fine not to exceed $10,000 or imprisonment not to exceed 3 years and 6 months, or both."). Therefore, the Court finds that none of Petitioner's arguments have merit, even if *Hawkins I* and *Hawkins II* did not bar his claim.

**C. The Caselaw Cited in Petitioner's Motions to Amend/Supplement are Inapposite.**

Petitioner has filed a number of supplemental motions since his original Petition and since briefing was completed in this matter. (*See* Docs. 10, 27, 28, and 29). However, the cases

he cites in these motions do not impact the Court's conclusion here. Two of the cases he cited addressed claims under the Armed Career Criminal Statute, which, unlike the advisory guidelines Frazier is challenging, impose a *mandatory* sentencing enhancement for certain crimes if a defendant has certain prior offenses. *See Burton v. Krueger*, No. 16-CV-1341, 2017 WL 4518601, at *3 (C.D. Ill. Oct. 10, 2017); *Chazen v. Williams*, No. 17-CV-447-JDP, 2018 WL 3575884 (W.D. Wis. July 25, 2018). Petitioner also cited to language in *Boarden v. Williams*, Case No. 17-cv-875 (JPS) (E.D. Wis. Aug. 23, 2017), in which a petitioner brought a similar *Hinkle*-type argument about the Wisconsin controlled substances statute. However, the district court there was only noting the petitioner's argument that his cocaine delivery conviction under Wisconsin state law should not count as a predicate for the career-offender enhancement. *Id.* It did not reach the merits of this argument because it found the petition meritless due to the petitioner's two other valid qualifying offenses. *Id.* Finally, Petitioner's remaining citations in no way relate to his arguments or his case. *See King v. Smith*, Case No. 16-cv-732 (JPS) (E.D. Wis. Feb. 16, 2017) (addressing whether there was sufficient evidence of intent to deliver a controlled substance under Wisconsin law where the defendant had bought a large quality of drugs, and finding that the evidence did support an inference of intent to resell); *Ramirez v. United States,* Case No. 3:11-cv-719 (JPG) (S.D. Ill. Mar. 17, 2016) (relating to an ineffective assistance of counsel claim in a § 2255 motion); *United States v. Olson*, 160 F. App'x 482, 483 (7th Cir. 2005) (addressing whether the defendant's offense of possession of marijuana under Wisconsin state law was relevant conduct to his federal offense or if it could be used as a predicate offense). Accordingly, Petitioner's Motions to Amend/Supplement (Docs. 10, 27, 28, and 29) are denied as futile.

## IV. CONCLUSION

For the reasons set forth above, Frazier's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED. Petitioner's Motions to Supplement/Amend (Docs. 10, 27, 28, and 29) are DENIED as futile.

This matter is now terminated.

Signed on this 20th day of December, 2018.

*s/ Sara Darrow*
Sara Darrow
United States District Judge